# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**K.R.**,

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

Civil Action No. 7:22-CV-6 (HL)

## ORDER

Before the Court is Plaintiff's Consent Motion for Attorney's Fees and Costs under the Equal Access to Justice Act. (Doc. 13). For the following reasons, Plaintiff's motion is **GRANTED**.

On June 1, 2022, the Court entered an Order reversing and remanding the Commissioner's decision pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 11). On August 16, 2022, Plaintiff filed a timely motion for attorney's fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act ("EAJA"). (Doc. 13). Plaintiff seeks an award of attorney's fees in the amount of $7,910.32, representing 34.15 hours of work performed, filing costs of $402.00, and expenses of $22.59 for service of process by certified mail, to be paid directly to Plaintiff's counsel.

The Equal Access to Justice Act ("EAJA"), as codified at 28 U.S.C. § 2412(d)(1)(A), provides that "a court shall award to a prevailing party other than

the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Under the EAJA, attorney's fee awards are calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate for the attorney's services. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988). The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living justifies a higher rate." § 2412(d)(2)(A)(ii); United States v. Aisenberg, 358 F.3d 1327, 1342 (11th Cir. 2004). Here, Plaintiff seeks fees at the EAJA cap adjusted for an increase in the cost of living during the period of representation and based on the Consumer Price Index (CPI-U) published by the United States Department of Labor. (Doc. 13-1, p. 4; Doc. 13-3; Doc. 13-4).

The Commissioner does not challenge the amount of fees sought, Plaintiff's status as the prevailing party, or the justification for an award of attorney's fees. Accordingly, the Court awards the requested amount of $7,910.32, representing 34.15 hours of attorney representation, $402.00 in filing costs, and $22.59 for service expenses. Pursuant to the dictates of Astrue v. Ratliff, 560 U.S. 586 (2010), payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the

United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government may accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

**SO ORDERED** this 30th day of August, 2022.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks